```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELROY HENDRIX,
a/k/a Elero Hendrix
                                          DECISION AND ORDER
              Petitioner,                 No. 08-CV-06275T

       -vs-

MARK BRADT, Superintendent

              Respondent.

_____
```

## I. Introduction

*Pro se* Petitioner Elroy Hendrix, a/k/a Elero Hendrix, ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody. Petitioner is in state custody as a result of a judgment of conviction entered November 13, 1986 in New York Supreme Court, Bronx County. By that judgment, Petitioner was convicted of two counts of Robbery in the First Degree (N.Y. Penal Law ("Penal Law") § 160.15), and was sentenced, as a second felony offender, to concurrent, indeterminate terms of from 9 to 18 years imprisonment on each count. Petitioner is also in state custody as a result of a judgment of conviction entered October 6, 1999 in New York County Court, Monroe County. By that judgment, Petitioner was convicted, after a jury trial, of Robbery in the First Degree (Penal Law § 160.15 [3]), Assault in the Second Degree (Penal Law § 120.05 [6]), Grand Larceny in the Fourth Degree (Penal Law § 155.25), Burglary in the Third Degree (Penal Law § 140.02), and

Criminal Mischief (Penal Law § 145.00), and was sentenced, as a persistent violent felony offender, to concurrent, indeterminate prison terms of 25 years to life on the robbery count, 16 years to life on the assault count, 2 to 4 years on the grand larceny count, 3 ½ to 7 years on the burglary count, and a definite jail term of one year on the criminal mischief count.

For the reasons stated below, habeas relief is denied and the petition is dismissed.

**II. Factual Background and Procedural History**

    **A.    Petitioner's Convictions and Sentences Imposed**

On November 2, 1986, Petitioner was sentenced, as a second felony offender, in New York Supreme Court, Bronx County, to two concurrent, indeterminate prison terms of from 9 to 18 years following his conviction of two counts of first degree robbery. This conviction stemmed from a May 23, 1983 incident in which Petitioner forcibly raped and sodomized a woman at gunpoint and forced her to go to an ATM machine and give him money. See NYS Div. of Parole Case Summary, dated 08/27/98 (Resp't Ex. A). In an effort to obtain more money, Petitioner stayed with the victim overnight at her apartment, where he threatened the lives of her and her daughter. The next day, Petitioner forced the victim to give him more cash from the bank. Id. Petitioner was released to parole custody on August 12, 1997. He was declared delinquent by the NYS Division of Parole as of August 20, 1998 as a result of

additional crimes he committed. See NYS Div. of Parole, Parole Revocation Decision Notice (Resp't Ex. B).

On October 6, 1999, judgment was entered on Petitioner's convictions of first degree robbery, second degree assault, third degree burglary, fourth degree larceny, and criminal mischief. This conviction stemmed from two separate incidents that occurred in 1998, wherein Petitioner was arrested and tried in connection with a school break-in and an unrelated robbery. See Dkt. No. 04-CV-6086. He was sentenced, as a persistent violent felony offender, to concurrent, indeterminate terms of 25 years to life on the robbery count, 16 years to life on the assault count, 2 to 4 years on the grand larceny count, 3 ½ to 7 years on the burglary count, and a definite jail term of one year on the criminal mischief count. The commitment order did not state whether Petitioner's sentence would run concurrently or consecutively with the period remaining on the unexpired 1986 sentence. See Sentence Commitment of the Monroe County Court (Hon. Patricia D. Marks), Ind. No. 98-0800, dated 10/06/99 (Resp't Ex. C).

On November 5, 2004, Petitioner requested a copy of his time computation sheet from the Department of Correctional Services ("DOCS"). See Letter of 11/05/04 from Elero Hendrix to Elmira Correctional Facility (Resp't Ex. D). Subsequently, DOCS sent Petitioner the requested material, which reflected that Petitioner's sentence on his 1999 convictions would run consecutively to the time remaining on the undischarged portion of

his 1986 sentence. On November 8, 2004, Petitioner sent a letter to the Inmate Record Coordinator of Elmira Correctional Facility inquiring about the consecutive sentence computation. See Letter of 11/08/04 from Elero Hendrix to Elmira Correctional Counselor (Resp't Ex. E). By letter dated November 17, 2004, Petitioner was informed by the Inmate Record Coordinator that his 1999 prison sentence would run consecutively with his 1986 prison sentence. See Letter of 11/17/04 from Elmira Correctional Facility Coordinator, Inmate Records Coordinator II (Resp't Ex. F). On February 24, 2005, Petitioner sought review of that determination with the Department of Corrections Central Office Review Committee. See Letter of 02/24/05 from Elroy Hendrix to NYS DOCS (Resp't Ex. G). On April 22, 2005, the Committee informed Petitioner that his time computation was correctly calculated and that, pursuant to Penal Law § 70.25(2-a), his sentence was required to run consecutively because he was sentenced as a persistent violent felony offender. See Letter of 04/22/05 from NYS DOCS to Elroy Hendrix (Resp't Ex. H).

**B. Petitioner's CPLR Article 78 Proceeding**

On August 18, 2005, Petitioner commenced an Article 78 proceeding[1] in New York Supreme Court, Chemung County, alleging that DOCS improperly calculated his term of imprisonment to run his 1999 sentences consecutively with the undischarged portion of his

---

[1] N.Y. Civil Practice Law and Rules ("CPLR") Article 78 provides a remedy when violations of due process by a local governmental entity are alleged.

1986 conviction without statutory authorization. See Pet'r Verified Pet. dated 08/16/05 (Resp't Ex. I). On September 23, 2005, the New York Supreme Court, Chemung County, issued a written decision denying his petition and dismissed the Article 78 proceeding. See Decision and Order of the New York Supreme Court, Chemung County (Hon. William F. O'Brien, III), Index No. 05-2195, dated 09/23/05 (Resp't Ex. J). The court explained that Penal Law § 70.25(2-a) states that, "where a sentence is imposed pursuant to Penal Law [§] 70.08 as a persistent violent felony offender, a later sentence must run consecutively to an undischarged sentence." Id. at 2. Thus, the court held that, "[s]ince petitioner was sentenced as a persistent violent felony offender, Penal Law § 70.25(2-a) controls" and, thus, Petitioner's sentence was properly calculated. Id. On or about December 12, 2006, Petitioner appealed the denial of his Article 78 petition, and the Appellate Division, Third Department, affirmed the order of the Chemung County Supreme Court on January 25, 2007. Hendrix v. Goord, 36 A.D.3d 1200 (3d Dept. 2007). On or about June 18, 2007, Petitioner filed for leave to appeal the decision of the Appellate Division, Third Department. See Pet'r Leave Application dated 06/11/07 (Resp't Ex. O). By Order dated July 3, 2007, the New York Court of Appeals denied Petitioner leave to appeal. Hendrix v. Goord, 9 N.Y.3d 859 (2007).

## C. The Habeas Corpus Petition

On or about March 4, 2004, Petitioner filed a habeas corpus petition with this Court, seeking relief on six grounds, in relation to his 1999 conviction. See Dkt. No. 04-CV-6086, #1. On or about July 2, 2007, Petitioner filed a notice of motion to stay the pending habeas corpus action so that he could return to state court to resolve a claim that DOCS was improperly calculating his sentences as successive instead of concurrent. See id. at #15. The Court denied Petitioner's motion to stay, without prejudice, on February 13, 2008. See id. at #19. The Court instructed Petitioner that if he wished to include any unexhausted claims in his habeas corpus petition, he should file a motion to amend his petition and to stay the proceedings, and accompany said motion with a proposed amended petition. See id. Petitioner did not comply with these instructions. He did, however, file another habeas corpus petition (i.e., the petition presently before this Court) on or about June 26, 2008, alleging the same claim that was the subject of his motion to stay the original action.[2] On August 3, 2009, the Court dismissed the original habeas corpus petition on the merits. See Hendrix v. West, 04-CV-6086, 2009 U.S. Dist. LEXIS 66874 (W.D.N.Y. Aug. 3, 2009). The Court's August 3, 2009 decision did not make reference to the instant habeas corpus petition or the claim raised therein. See id. Accordingly, the Court now reviews Petitioner's claim that the allegedly improper

---

[2] The instant habeas corpus petition is docketed under no. 08-CV-6275, #1.

sentence calculation made by DOCS deprived him of his constitutional right to due process. As discussed in further detail below, the Court finds that said claim does not provide a basis for habeas relief.

**III. General Principles Applicable to Habeas Review**

    **A.    The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan

v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless

objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B. Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

The exhaustion requirement applies equally to habeas actions challenging the execution of a sentence. See Washington v. Thomas, 2003 U.S. Dist. LEXIS 9016, *1-2 (S.D.N.Y. May 29, 2003).

Here, Petitioner properly brought an Article 78 proceeding in state court to exhaust the claim. In his appeal following dismissal of the Article 78 petition, he presented his argument in federal constitutional terms by alleging the violation of his due process rights and by citing federal caselaw in support of his argument. See Daye, 696 F.2d at 192-193. He further requested the

Court of Appeals to grant leave to review these issues. Id. at 191-93. Thus, the claim is exhausted.

**IV. Petitioner's Claim**

Petitioner argues in the instant habeas corpus petition that he was deprived of his constitutional right to due process when DOCS improperly calculated his sentences by running his 1999 sentences consecutively to the unexpired term on his 1986 sentence. Petitioner argues here, as he did in his brief on direct appeal, that because the sentencing court did not state that his sentences would run consecutively and the commitment order did not reflect consecutive sentencing, DOCS did not have the authority to run the later sentence consecutively with the undischarged portion of his prior sentence. See Pet. 9-14. The Appellate Division, Third Department rejected this claim, holding that, "inasmuch as Petitioner was sentenced as a persistent violent felony offender under Penal Law § 70.08, it was mandatory that the new sentence run consecutive to the undischarged term of imprisonment remaining on Petitioner's prior sentences." Hendrix, 36 A.D.3d at 1201. This claim is not cognizable on habeas review, and, in any event, without merit.

Petitioner's claim is a matter of state law that is not cognizable on federal habeas review. It is well-established that "it is not the province of a federal habeas corpus to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The issue of whether

Petitioner's 1999 sentence should run concurrently or consecutively with his undischarged 1986 sentence is governed by § 70.25 of New York's Penal Law. The determination of this issue, therefore, does not implicate federal concerns and as such is not cognizable on habeas review. See e.g., Carrasquillo v. Bennett, 00 Civ. 4770, 2002 U.S. Dist. LEXIS 16585, at *15-16 (S.D.N.Y. Aug. 28, 2002) (dismissing Petitioner's claim that sentence was excessive because it should have run concurrently rather than consecutively because sentence was within statutory guidelines); DeFeo v. Artuz, 958 F.Supp. 104, 109 (E.D.N.Y. March 17, 1997) (same).

In any event, the Appellate Division, Third Department properly determined that New York's Penal Law requires that Petitioner's 1999 sentence run consecutively with his unexpired 1986 sentence. Penal Law § 70.25(2-a) provides, in relevant part:

> When an indeterminate or determinate sentence of imprisonment is imposed pursuant to section 70.04, 70.06, 70.08, . . . of this article, and such person is subject to an undischarged indeterminate . . . sentence of imprisonment imposed prior to the date on which the present crime was committed, the court must impose a sentence to run consecutively with respect to such undischarged sentence.

Here, Petitioner was sentenced as a persistent violent felony offender following his 1999 conviction, and he does not now challenge his adjudication as a persistent violent felony offender. Thus, his 1999 conviction was imposed pursuant to Penal Law § 70.08, which sets forth the criteria for sentencing persistent

violent felony offenders.  As such, Penal Law § 70.25(2-a) was applicable and Petitioner's 1999 sentence was required to run consecutively with his undischarged 1986 sentence even if the sentencing court had failed to so specify.  See Palmer v. Phillips, 05 Civ. 9894, 2006 U.S. Dist. LEXIS 46416, at *10-11 (S.D.N.Y. July 5, 2006); Matter of Collins v. Woodruff, 32 A.D.3d 1139 (3d Dep't. 2006); Matter of Soriano v. New York State Dep't of Corr. Servs., 21 A.D.3d 1233 (3d Dep't. 2005).

Petitioner contends that the state court's determination of his claim contravened clearly established federal law.  He cites Hill v. United States ex rel. Wampler, 298 U.S. 460 (1936) and Earley v. Murray, 451 F.3d 71 (2d Cir. 2006) to support his position.  See Pet. 11.  Petitioner's reliance upon Hill, however, is misplaced.  Hill concerned a defendant who was sentenced by a federal court to a term of imprisonment and a fine.  While the law permitted the court to order the imprisonment of defendants who failed to pay their fines, such imprisonment was left to the discretion of the judge.  The court did not direct that the defendant remain in jail until the fine was paid.  However, the court clerk, in issuing the warrant of sentence, included the requirement that the defendant remain imprisoned until the fine was paid.  The Supreme Court voided the portion of the commitment warrant requiring the defendant to remain incarcerated until the fine was paid, holding that "[t]he only sentence known to the law

is the sentence or judgment entered upon the records of the court." Id. at 464. Here, the calculation of Petitioner's 1999 sentence accurately reflects the sentencing directive of the court that imposed it, and the length of his sentence has not been altered.

Similarly, Petitioner's reliance on Earley is also misplaced. In Earley, the petitioner was sentenced to six years in prison and the sentencing court did not impose a term of post-release supervision. However, the New York legislature had passed a statute imposing a mandatory term of post-release supervision that applied to the petitioner's sentence. The Second Circuit held that the term of post-release supervision could not be applied to the petitioner because it increased his sentence beyond that imposed by the court. Id. at 75. Here, by contrast, there has been no increase in or alteration to the sentences that the courts imposed on Petitioner. Rather, Penal Law § 70.25(2-a) provides that, because Petitioner was sentenced as a persistent violent felony offender on his 1999 conviction, he cannot begin serving that sentence until he completes the undischarged term on his 1986 sentence.

In sum, Petitioner's challenge to the calculation of his sentence is not cognizable on habeas review, and, in any event, lacks merit. The claim is therefore denied.

**V. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: September 17, 2009
Rochester, New York